UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ELMIRA BROWN,

         Plaintiff,

 -against-

EBAY and the UNITED STATES POSTAL
SERVICE,
         Defendants.
-----------------------------------------------------------X

MEMORANDUM & ORDER

14-CV-2803 (ENV) (VMS)

VITALIANO, D.J.

On December 19, 2013, Elmira Brown filed this action against eBay and the United States Postal Service ("USPS") in the Small Claims part of Civil Court, Richmond County, alleging that USPS failed to deliver an item that she had purchased through eBay, an internet auction website.[1] USPS timely removed the case to this Court, and has also moved to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[2] Upon the reasons stated below, the Court concludes that it lacks subject matter jurisdiction over this action, and the complaint against USPS is dismissed.

---

[1] Plaintiff subsequently dismissed her claim against eBay pursuant, to a settlement agreement. *See* Pl. Ltr., Oct. 29, 2014, Dkt. No. 8.
[2] Since the Court construes this claim as one brought under the Federal Tort Claims Act, 28. U.S.C. § 2679(a) ("FTCA"), USPS is not a suable defendant. "In lieu of requiring a *pro se* litigant to further amend the Amended Complaint to name the United States as a defendant, this Court will on its own motion substitute the United States as the defendant in the place and stead of the United States Postal Service . . . ." *Bowman v. U.S. Postal Serv.*, No, 02 Civ. 6138, 2003 WL 1395821 (S.D.N.Y. Mar. 20, 2003).

1

## Background

The following facts are taken from the complaint,[3] its attachments, and the exhibits and affidavits submitted by the parties in conjunction with this motion. The facts alleged by plaintiff are, of course, considered to be true for the purposes of this motion

In October 2013, Brown agreed to purchase a purse from a retailer on eBay for approximately $3700. Pl's Aff. in Opp. to Def's Mtn., Dkt. No. 6 ("Pl's Aff."), ¶ 3, Ex. 3. She paid for the item, and received a USPS tracking number for the shipment so that she could monitor its progress. *Id.* On October 25, 2013, the USPS website indicated that the package was "Out for Delivery," meaning that it was supposed to be delivered to her home that day. *Id.* The letter carrier, however, did not deliver any packages that afternoon. *Id.* According to the USPS website, the letter carrier attempted to deliver the package, but no one was present to receive it. *Id.* The USPS website said a notice was left at her door, yet Brown contends that she never received one. *Id.*

Over the next few days, Brown continued to wait for the package to be delivered, but to no avail. *Id.* She repeatedly called the New Dorp post office to inquire about delivery and complain about the delay, yet they repeatedly told her that the item would most likely be delivered later that day or the next. *Id.* As a last

---

[3] Brown's state court Small Claims form complaint consists of a single sentence: "Failure to provide proper services for $5,000.00." Her affidavit in opposition to USPS's motion to dismiss, however, consists of a substantially more detailed account of the allegations supporting that claim. The Court gleans pertinent facts primarily from that affidavit.

2

resort, Brown personally visited the post office seeking an explanation, but, she says, the explanations she received were unsatisfactory. *Id.* In April 2014, the customer service manager at the New Dorp, Staten Island post office told her that the package most likely had been returned to the sender since it had been unclaimed. *Id.*

## Legal Standard

Federal Rule of Civil Procedure 12(b)(1) requires the dismissal of a claim where the federal court lacks subject matter jurisdiction. In considering a motion to dismiss brought under Rule 12(b)(1), the motion court "must accept as true all material factual allegations in the complaint." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004)). However, that court need not "draw inferences from the complaint favorable to plaintiffs." *J.S.*, 386 F.3d at 110; *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). Finally, where, as here, "jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings." *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999); *See also APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003); *Zappia Middle East Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 252 (2d Cir. 2000).

When a plaintiff proceeds without legal representation, the court is further obligated to regard that plaintiff's complaint in a more liberal light, affording the pleadings of a *pro se* litigant the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## Discussion

The Court construes the complaint as a common law tort claim by Brown against USPS, and, as a consequence, one which must be brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). *See, e.g., Kuhner v. Montauk Post Office*, No. 12-CV-2318, 2013 WL 1343653 (E.D.N.Y. Apr. 4, 2013). Under the FTCA, "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . or loss of property . . ." 28 U.S.C. § 1346(b)(1). As an agency of the federal government, "the Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan v. U.S. Postal Service*, 546 U.S. 481, 484 (2006). On this point, the Supreme Court has explained that, "[a]lthough the Postal Reorganization Act generally waives the immunity of the Postal Service from suit by giving it the power to sue and be sued in its official name, the statute also provides that the FTCA shall apply to tort claims arising out of activities of the Postal Service." *Dolan*, 546 U.S. at 484 (internal quotation marks omitted). "Thus, to the extent that plaintiff alleges that the United States, or any agency thereof, committed common law torts against plaintiff, any such claim is governed by the FTCA." *Kuhnew v. Montauk Post Office*, No. 12-CV-2318, 2013 WL 1343653 (E.D.N.Y. Apr. 4, 2013).

The FTCA provides for a general waiver of sovereign immunity by the United States and its agencies for tort claims, with certain exceptions. *Kuhner*, 2013 WL 1343653, at *2. Key to Brown's case is the "'postal matter exception,' which preserves sovereign immunity for '[a]ny claim arising out of the loss, miscarriage, or

4

negligent transmission of letters or postal matter.'" *Gildor v. U.S. Postal Serv.*, 179 F. App'x 756, 758 (2d Cir. 2006) (quoting 28 U.S.C. § 2680(b)). Stated difficulty, the postal service retains sovereign immunity, barring direct lawsuits over claims "for injuries arising, directly or consequently, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 489.

Here, giving Brown's allegations the broadest reading possible, it is clear that the sole basis for her claim is that USPS failed to deliver a package to her. Since her claim entirely relates to an undelivered mail package, "[t]his claim clearly falls within the 'postal matter exception' to the waiver of sovereign immunity." *Kuhner*, 2013 WL 1343653, at *2. "Thus, to the extent that plaintiff's claim sounds in tort, this court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 2680(b)." *Blanc v. U.S. Postal Serv.*, No. 14-CV-1404, 2014 WL 931220, at *2 (E.D.N.Y. Mar. 10, 2014); *See also Lam v. U.S. Postal Serv.*, No. 06–CV–0268, 2006 WL 2729199, at *3 (E.D.N.Y. Sept. 25, 2006) ("[C]ourts have dismissed FTCA claims that conflict with the postal matters exception, even where the postal matter at issue was registered or insured."). Plainly, in short, the United States has not waived sovereign immunity over this claim, and Brown's complaint is dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).

## Conclusion

For the foregoing reasons, Brown's complaint is dismissed for lack of subject matter jurisdiction. Because the defect is a jurisdictional one, and any attempt to amend the complaint would be futile, the dismissal is with prejudice.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
December 18, 2014

/s/ USDJ Vitaliano

ERIC N. VITALIANO
United States District Judge